# EXHIBIT A
# Complaint & Summons

Electronically Filed
8/18/2025 4:59 PM
Steven D. Grierson
CLERK OF THE COURT

LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

CASE NO: A-25-925883-C
Department 28

Attorneys for Plaintiffs

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ANDREW SPINNEY, Individually and on behalf of a class of all similarly situated persons,<br><br>Plaintiffs,<br><br>-v-<br><br>AMAZON LOGISTICS, INC. and AMAZON.COM, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Arbitration Exemption Claimed as a Class Action Case |

COMES NOW Plaintiff ANDREW SPINNEY Individually and on behalf of others similarly situated, by and through his attorneys, Leon Greenberg Professional Corporation, as and for a Complaint for violation of Nevada's statutes and the Nevada Constitution, hereby alleges as follows:

1

## JURISDICTION, PARTIES AND PRELIMINARY STATEMENT

1. Plaintiff ANDREW SPINNEY (the "Named Plaintiff") is, and at all relevant times in the past has been, a resident of Clark County and the State of Nevada.

2. Defendant Amazon Logistics, Inc., is a foreign corporation formed and existing pursuant to the laws of a the state of Delaware with its headquarters in Seattle, Washington and is duly licensed to, and does, conduct business in the State of Nevada. Upon information and belief it is a subsidiary of defendant Amazon.com, Inc. which is also a foreign corporation formed and existing pursuant to the laws of a the state of Delaware with its headquarters in Seattle, Washington. It is alleged that the Named Plaintiff and those similarly situated, despite nominally entering into contracts with Amazon Logistics, Inc., have also entered into an employment relationship with Amazon.Com, Inc., and all of the legal liabilities alleged herein arising under Nevada law are properly imposed against both defendants as employers of such persons. The defendants are collectively referred to herein as "Amazon."

3. Jurisdiction over this case is properly heard by this Court pursuant to NRCP Rule 23(b) as the aggregate value of the claims of all alleged class members is within the exclusive jurisdiction of the District Courts of the State of Nevada and the plaintiffs also seek equitable relief.

4. This case is brought for unpaid minimum wages and related statutory penalties and damages owed to the plaintiffs and the alleged class members including pursuant to Nevada's statutes NRS 608.040, NRS 608.250 and Nevada's Constitution, Article 15, Section 16.

## FACTUAL ALLEGATIONS

### The facts and law giving rise to the damages claims asserted

5. Amazon is a Seattle, Washington, based business that delivers a litany of goods throughout the United States, and in the State of Nevada, to its customers with well in excess of 90% of the goods it delivers to such customers in Nevada having

2

1  originally been procured by Amazon from outside the State of Nevada and having
2  been shipped to Amazon's facilities in Nevada for ultimate delivery to Amazon's
3  customers in Nevada.

4      6.    In addition to the Named Plaintiff, in the period of time relevant to this
5  action, Amazon entered into contracts in Nevada with hundreds or one-thousand or
6  more persons who were "Amazon Flex" drivers and provided labor and services to
7  Amazon in Nevada. The Named Plaintiff and all other Amazon Flex drivers in Nevada
8  are alleged to have experienced the working conditions and circumstances detailed
9  herein.

10      7.    While Amazon classified all of its Amazon Flex drivers as "independent
11  contractors" and not as employees afforded the protections of Nevada's Statutes and
12  Constitution, such classification by Amazon of its relationship with its Amazon Flex
13  drivers as not being that of Amazon as an employer with the Amazon Flex drivers as
14  its employees, was, as a matter of Nevada law, erroneous, and all of Amazon's Nevada
15  Amazon Flex drivers were actually its employees for the following, amongst other
16  reasons:

17          a.    Amazon imposed detailed training, operational, and qualification
18  standards on the Amazon Flex drivers, just as if they were its
19  employees. This included imposing requirements as to what type
20  of vehicle an Amazon Flex driver (who had to provide their own
21  vehicle to deliver Amazon's packages) could use; how an Amazon
22  Flex driver was permitted to handle issues arising from their
23  interactions with Amazon's customers; what standards the Amazon
24  Flex driver must meet in respect to delivering their assigned
25  packages within a specified time period that was strongly
26  controlled and limited by Amazon; and numerous other non-
27  negotiable standards imposed by Amazon. Failure of an Amazon
28  Flex driver to meet the standards imposed by Amazon would result

in Amazon refusing to provide work for the Amazon Flex driver.

    b.    Amazon structured its Amazon Flex operations in a fashion that denied its Amazon Flex drivers any meaningful ability to conduct business as "independent contractors" and, as a pragmatic and economic reality, made them merely its servants and employees. Its Amazon Flex drivers could not have other persons make the deliveries Amazon assigned to them, with Amazon instituting protocols requiring each Amazon Flex driver, personally, be present with their vehicle and confirm their identity with Amazon every time an Amazon Flex driver's assigned delivery packages were picked up for delivery from Amazon's facilities. Amazon expressly limited the amount of delivery assignments it would allow any one Amazon Flex driver to receive from it in any one-week period, Amazon doing so to assure no Amazon Flex driver would arguably work for it as an employee for more than 40 hours in a week and potentially make a claim against it for unpaid overtime wages. Rather than allow Amazon Flex drivers to compete for its work as true independent business operators by bidding for or negotiating the terms and conditions of such work, Amazon used and set non-negotiable, take it or leave it, terms for each block of delivery assignments it made available to the Amazon Flex drivers, in respect to the number of deliveries in each such block, the payment that would be received by the Amazon Flex driver for completing the entire delivery block, and the time period in which Amazon required that the delivery block be completed. Amazon Flex drivers also had to return to Amazon at its facilities, promptly at the conclusion of their assigned delivery

4

block time, all packages they were unable to deliver and provide Amazon with documentation, as specified by Amazon, as to their unsuccessful efforts to deliver such packages. And when an Amazon Flex driver accepted a delivery block offered by Amazon the time period during which Amazon required such delivery block be completed left the Amazon Flex driver with no meaningful ability to conduct any other activities during such delivery block time period except performing their delivery work for Amazon, if they attempted to perform such other activities they would not meet Amazon's time deadline delivery goal for such delivery block and find themselves barred by Amazon from working as an Amazon Flex driver.

    c.    Amazon's entire business involves a continuous integrated line of production or commerce completely controlled by Amazon. That line of production or commerce begins when customers initiate orders on Amazon's online website for delivery through their Amazon account; those orders are then scheduled for fulfilment by Amazon which obtains the goods necessary to fulfill those orders through its relationships with the vendors and manufacturers who provide to Amazon the actual goods to be provided to Amazon's customer initiating such order; the goods necessary to fulfill the Amazon customer's order after coming into Amazon's possession are then routed for delivery to the customer from a facility also operated by Amazon; and the ultimate delivery of the goods ordered by Amazon's customer from that Amazon facility is performed by other persons, including Amazon Flex drivers, who are subject to highly detailed and *de facto* minuet control and

supervision by Amazon. At no point in the foregoing process, after its customer places its order with Amazon, does Amazon actually relinquish control over any aspect of that entire line of production or commerce. Rather, Amazon's entire economic business model requires it maintain complete control over every aspect, and stage, of the same, including having its Amazon Flex delivery drivers verify (often through a picture) the actual time and place of the delivery of the customer's order, detailed information Amazon in turn makes available to its customers through their Amazon accounts. Such activity by Amazon renders it, under the relevant circumstances, the employer of the Amazon Flex drivers who are its employees as part of its foregoing completely controlled continuous line of production and commerce as a matter of economic reality.

8. At all times Amazon would pay the Amazon Flex drivers a flat amount per delivery block, such amount varying with each delivery block in an amount that Amazon determined. Such payment was not modified, once set by Amazon, based in how much time it actually would take for the Amazon Flex driver to complete the delivery block in a fashion consistent with Amazon's requirements as Amazon provided no hourly rate of pay to the Amazon Flex drivers.

9. The Amazon Flex drivers assumed responsibility for paying all expenses they incurred in performing their work for Amazon, such as the costs associated with their personally owned vehicles Amazon required them to have and use to perform such work and the costs associated with their cell phones which Amazon required they use to perform such work. Amazon did not reimburse the Amazon Flex drivers for any such expenses and during the period of the Named Plaintiff's employment by Amazon such vehicle expenses, as per IRS standards for vehicle business usage, were properly calculated at at least 67 cents a mile in 2024.

## CLASS ACTION ALLEGATIONS

10. This is a class action brought pursuant to Nev. R. Civ. P. §23 on behalf of the Named Plaintiffs and a class of all similarly situated persons who worked for Amazon as Amazon Flex drivers in the State of Nevada during the applicable statute of limitations period which is at least the two years preceding the filing of this case.

11. The class action may include one or more sub-classes if the Court finds that more manageable.

12. The class of similarly situated persons for Nev. R. Civ. P. 23 purposes consists of all Amazon Flex drivers during the applicable statute of limitations period, and continuing until date of judgment, such persons delivering packages for Amazon in the State of Nevada.

13. The common circumstance giving rise to the class action claims is that, as discussed *supra* and *infra,* the Named Plaintiffs and the class members were employees of Amazon for the purposes of Nevada law and Amazon did not fulfill its obligations to pay all such persons proper wages.

14. The Named Plaintiff is informed and believes, and based thereon alleges that there are at least 500 putative class action members. The actual number of class members is readily ascertainable by a review of the defendants' records through appropriate discovery.

15. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

16. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The Named Plaintiff's claims are typical of those of the class.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this

1  lawsuit as a class action. This type of case is uniquely well-suited for class treatment
2  since the employers' practices were uniform and the burden is on Amazon, as an
3  employer, to establish that its method for compensating the class members complies
4  with the requirements of Nevada law.

5      18.    The Named Plaintiff will fairly and adequately represent the interests of
6  the class and has no interests that conflict with or are antagonistic to the interests of
7  the class and has retained to represent him competent counsel experienced in the
8  prosecution of class action cases and will thus be able to appropriately prosecute this
9  case on behalf of the class.

10     19.    The Named Plaintiff and their counsel are aware of their fiduciary
11 responsibilities to the members of the proposed class and are determined to diligently
12 discharge those duties by vigorously seeking the maximum possible recovery for all
13 members of the proposed class.

14     20.    There is no plain, speedy, or adequate remedy other than by maintenance
15 of this class action. The prosecution of individual remedies by members of the class
16 will tend to establish inconsistent standards of conduct for the defendants and result in
17 the impairment of class members' rights and the disposition of their interests through
18 actions to which they were not parties. In addition, the class members' individual
19 claims are small in amount and they have no substantial ability to vindicate their
20 rights, and secure the assistance of competent counsel to do so, except by the
21 prosecution of a class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFFS AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO NEVADA'S CONSTITUTION AND NRS 608.250**

25     21.    The relevant provisions of NRS 608.250 and Article 15, Section 16 of the
26 Nevada Constitution state, in relevant part that since July 1, 2024, every employer in
27 the State of Nevada "shall pay a wage to each employee of not less than $12.00 per
28 hour worked" with such per hour required wage being in a lesser amount for time

8

1  periods prior to July 1, 2024.

2    22.   Amazon, as an employer of the Named Plaintiff and the class members, violated NRS 608.250 and Article 15, Section 16 of the Nevada Constitution, in respect to the hours worked by such persons because Amazon paid a wage of less than the minimum wage required by the same for many days and/or weeks of many class members' employment by Amazon as an Amazon Flex driver. Such failure arose because every Amazon Flex driver was required to pay significant expenses, as alleged in paragraph 9, for Amazon's benefit and as a requirement for their employment by Amazon as an Amazon Flex driver. Because Amazon did not reimburse the Amazon Flex drivers for those expenses, and forced them to personally assume their entire cost, the resulting hourly wage paid by Amazon to such Amazon Flex drivers after deducting such expenses was often less than the required Nevada minimum hourly wage per day or week worked. For example, the Named Plaintiff would typically, often, or always drive his personal vehicle in excess of 50 or 100 miles per day that he worked as an Amazon Flex driver performing activities and deliveries required by Amazon as part of his employment as an Amazon Flex driver. If the only work expense for Amazon incurred by the Named Plaintiff calculated at 67 cents a mile per mile driven were considered, the Named Plaintiff, based upon the records of earnings and time worked currently available to him, alleges that he earned less than $12 an hour after such expenses were considered and is owed at least $10 in unpaid minimum wages for the seven day period from June 14, 2024 to June 20, 2024, and/or on the dates of June 3, 2024, June 6, 2024, June 20, 2024 and June 16, 2024. Because Amazon possesses all of the relevant records but has not made them available to the Named Plaintiff, including records that would confirm the minimum amount of miles the Named Plaintiff was required to drive each day for Amazon as an Amazon Flex driver, the Named Plaintiff makes the foregoing allegations based upon his best current knowledge and available records and will supplement and amend such allegations, as necessary, upon receiving the full relevant records from Amazon.

23. Plaintiff further alleges that Nevada requires a payment of its minimum wage based upon each day, not week, worked by each class member, meaning that Amazon is not properly allowed to reduce its minimum wage payment liability to the Named Plaintiff or any class member for a particular day based upon it paying more than the Nevada hourly minimum wage to such person during a different day of a one-week reoccurring seven-day period.

24. Amazon's failure to pay the wages required by NRS 608.250 and Article 15, Section 16 of the Nevada Constitution was willful and intentional and done with full knowledge of its illegality and with the malicious intent of harming the Named Plaintiff and the class members and benefitting Amazon in a like amount. Such malicious, intentional and willful conduct by Amazon is established by, amongst other things, Amazon's longstanding policy, as demonstrated in other numerous prior lawsuits against it, of avoiding its responsibilities to pay minimum wages and overtime to its delivery drivers under state and federal laws so as to lower its operating costs and increase its profits. In furtherance of that scheme, Amazon has also adopted a policy of requiring all of its delivery drivers to sign arbitration agreements that bar them from participating in or initiating any class action or seeking class type equitable relief, with the specific intent by Amazon of shielding itself from any full accountability for its illegal acts and its violations of Nevada's minimum wage standards and the strong public policy of Nevada in regards to assuring the payment of minimum wages to workers such as the Amazon Flex drivers.

25. The Named Plaintiff on behalf of himself and the class members, seeks, on this First Claim for Relief, a judgment against Amazon for the unpaid minimum wages owed to him pursuant to NRS 608.250 and Article 15, Section 16 of the Nevada Constitution, an award of punitive damages, a suitable injunction and other equitable relief barring Amazon from continuing to violate NRS 608.250 and Article 15, Section 16 of the Nevada Constitution and remedying such violations of Nevada's Constitution as such Nevada Constitutional provision specifically authorizes, and an

1  award of attorneys' fees, interest and costs.

**AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFF AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO NRS 608.040 AND 608.050**

26. The Named Plaintiff repeats all of the allegations previously made and brings this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040 and § 608.050.

27. The Named Plaintiff and many, but not all, of the class members have been separated from their employment with Amazon prior to the filing of the instant action, and at the time of such separation were owed unpaid wages by Amazon, the unpaid minimum wages alleged herein.

28. Amazon has failed and refused to pay the Named Plaintiff and such class members their earned but unpaid wages, such conduct constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving the plaintiffs a claim and/or lien against Amazon for a continuation after the termination of their employment with Amazon of their normal daily wages, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to Nevada Revised Statutes § 608.040 and Nevada Revised Statutes § 608.050.

29. As a result of the foregoing, the Named Plaintiff on behalf of himself and the involved proposed plaintiff class members, seeks, on this Second Claim for Relief, a judgment against Amazon for the wages owed to him and as prescribed by Nevada Revised Statutes § 608.040, for a sum equal to up to thirty days wages, and as prescribed by Nevada Revised Statutes § 608.050, for a sum equal to up to 30 days wages, along with interest, costs and attorneys' fees.

11

1
2     WHEREFORE, plaintiffs demand the relief on each cause of action as alleged
3 aforesaid, together with costs, interest, attorney's fees, suitable equitable and
4 injunctive relief, and such other relief as the Court deems just.
5
6     Plaintiffs demand a trial by jury on all issues so triable.
7
8     Dated this 18th day of August, 2025
9
10                              Leon Greenberg Professional Corporation
11
12                              By: /s/ *Ruthann Devereaux-Gonzalez*
                                Ruthann Devereaux-Gonzalez, Esq.
                                Nevada Bar No.: 15904
13                              1811 South Rainbow Blvd- Suite 210
                                Las Vegas, Nevada 89146
14                              (702) 383-6085

15                              Attorney for Plaintiffs
16
17
18
19
20
21
22
23
24
25
26
27
28

12

1  SUMM

CASE NO: A-25-925883-C
Department 28

ANDREW SPINNEY, Individually and on behalf of a class of all similarly situated persons,

CASE NO.

Plaintiff(s),

DEPT. NO.

-vs-

AMAZON LOGISTICS, INC.,
AMAZON.COM, INC.

Defendant(s).

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

SUMM Civil/8/18/2025

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Submitted by:

By: Karen Batiste  8/19/2025
Deputy Clerk          Date

Ruthann Devereaux-Gonzalez Attorney NSB 15904

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

2

SUMM Civil/8/18/2025

**AFFIDAVIT OF SERVICE**

STATE OF _____ )
                  ) ss:
COUNTY OF _____ )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____

   (a) With _____ as _____, an agent lawfully designated by statute to accept service of process;

   (b) With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):
   ☐ Ordinary mail
   ☐ Certified mail, return receipt requested
   ☐ Registered mail, return receipt requested

3

SUMM Civil/8/18/2025

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20_____.

_____
Signature of person making service

SUMM Civil/8/18/2025