LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW SPINNEY, Individually and on behalf of a class of all similarly situated persons, | Case No.:2:25-CV-1803-RFB-DJA |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| -v- | |
| AMAZON LOGISTICS, INC. and AMAZON.COM, INC., | |
| Defendants. | |

COMES NOW Plaintiff ANDREW SPINNEY Individually and on behalf of others similarly situated, by and through his attorneys, Leon Greenberg Professional Corporation, as and for a Complaint for violation of Nevada's statutes and the Nevada Constitution, hereby alleges as follows:

1

## JURISDICTION, PARTIES AND PRELIMINARY STATEMENT

1. Plaintiff ANDREW SPINNEY (the "Named Plaintiff") is, and at all relevant times in the past has been, a resident of Clark County and the State of Nevada.

2. Defendant Amazon Logistics, Inc., is a foreign corporation formed and existing pursuant to the laws of a the state of Delaware with its headquarters in Seattle, Washington, and is duly licensed to, and does, conduct business in the State of Nevada. Upon information and belief it is a subsidiary of defendant Amazon.com, Inc. which is also a foreign corporation formed and existing pursuant to the laws of the state of Delaware with its headquarters in Seattle, Washington.  It is alleged that the Named Plaintiff and those similarly situated, despite nominally entering into contracts with Amazon Logistics, Inc., have also entered into an employment relationship with Amazon.Com, Inc., and all of the legal liabilities alleged herein arising under Nevada law are properly imposed against both defendants as employers of such persons.  The defendants are collectively referred to herein as "Amazon."

3. Jurisdiction over all aspects of this case is properly conferred upon the Court where it was originally commenced on August 18, 2025, the Eighth Judicial District Court of the State of Nevada, Clark County, Case No. A-25-925883-C, pursuant to NRCP Rule 23(b) as the aggregate value of the claims of all alleged class members is within the exclusive jurisdiction of the District Courts of the State of Nevada and the plaintiffs also seek equitable and injunctive relief.  Such jurisdiction was also conferred by Article 15, Section 16, Subpart 7, of the Nevada Constitution, in respect the claims made herein for a public injunction.  Subsequent to such commencement Amazon on September 24, 2025, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removed this case to this Court asserting jurisdiction of this case is properly had by this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA").

4. This case is brought for unpaid minimum wages and related statutory penalties and damages owed to the plaintiffs and the alleged class members including

pursuant to Nevada's statutes NRS 608.040, NRS 608.250 and Nevada's Constitution, Article 15, Section 16.  Claims are also made for injunctive, equitable, and declaratory relief, including public injunctive relief.

## FACTUAL ALLEGATIONS

### The facts and law giving rise to the damages claims asserted

5. Amazon is a Seattle, Washington, based business that delivers a litany of goods throughout the United States, and in the State of Nevada, to its customers with well in excess of 90% of the goods it delivers to such customers in Nevada having originally been procured by Amazon from outside the State of Nevada and having been shipped to Amazon's facilities in Nevada for ultimate delivery to Amazon's customers in Nevada.

6. In addition to the Named Plaintiff, in the period of time relevant to this action, Amazon entered into contracts in Nevada with over 10,000 other persons who were "Amazon Flex" drivers and provided labor and services to Amazon in Nevada. The Named Plaintiff and all other Amazon Flex drivers in Nevada are alleged to have experienced the working conditions and circumstances detailed herein.

7. While Amazon classified all of its Amazon Flex drivers as "independent contractors" and not as employees afforded the protections of Nevada's Statutes and Constitution, such classification by Amazon of its relationship with its Amazon Flex drivers as not being that of Amazon as an employer with the Amazon Flex drivers as its employees, was, as a matter of Nevada law, erroneous, and all of Amazon's Nevada Amazon Flex drivers were actually its employees for the following, amongst other reasons:

    a. Amazon imposed detailed training, operational, and qualification standards on the Amazon Flex drivers, just as if they were its employees.  This included imposing requirements as to what type of vehicle an Amazon Flex driver (who had to provide their own vehicle to deliver Amazon's packages) could use; how an Amazon

3

|   |   |   |
|---|---|---|
| 1 | | Flex driver was permitted to handle issues arising from their |
| 2 | | interactions with Amazon's customers; what standards the Amazon |
| 3 | | Flex driver must meet in respect to delivering their assigned |
| 4 | | packages within a specified time period that was strongly controlled |
| 5 | | and limited by Amazon; and numerous other non-negotiable |
| 6 | | standards imposed by Amazon.  Failure of an Amazon Flex driver |
| 7 | | to meet the standards imposed by Amazon would result in Amazon |
| 8 | | refusing to provide work for the Amazon Flex driver. |
| 9 | | |
| 10 | b. | Amazon structured its Amazon Flex operations in a fashion that |
| 11 | | denied its Amazon Flex drivers any meaningful ability to conduct |
| 12 | | business as "independent contractors" and, as a pragmatic and |
| 13 | | economic reality, made them merely its servants and employees. |
| 14 | | Its Amazon Flex drivers could not have other persons make the |
| 15 | | deliveries Amazon assigned to them, with Amazon instituting |
| 16 | | protocols requiring each Amazon Flex driver, personally, be present |
| 17 | | with their vehicle and confirm their identity with Amazon every |
| 18 | | time an Amazon Flex driver's assigned delivery packages were |
| 19 | | picked up for delivery from Amazon's facilities.  Amazon |
| 20 | | expressly limited the amount of delivery assignments it would allow |
| 21 | | any one Amazon Flex driver to receive from it in any one-week |
| 22 | | period, Amazon doing so to assure no Amazon Flex driver would |
| 23 | | arguably work for it as an employee for more than 40 hours in a |
| 24 | | week and potentially make a claim against it for unpaid overtime |
| 25 | | wages.  Rather than allow Amazon Flex drivers to compete for its |
| 26 | | work as true independent business operators by bidding for or |
| 27 | | negotiating the terms and conditions of such work, Amazon used |
| 28 | | and set non-negotiable, take it or leave it, terms for each block of |

|   |   |
|---|---|
| 1 | delivery assignments it made available to the Amazon Flex drivers, |
| 2 | in respect to the number of deliveries in each such block, the |
| 3 | payment that would be received by the Amazon Flex driver for |
| 4 | completing the entire delivery block, and the time period in which |
| 5 | Amazon required that the delivery block be completed.  Amazon |
| 6 | Flex drivers also had to return to Amazon at its facilities, promptly |
| 7 | at the conclusion of their assigned delivery block time, all packages |
| 8 | they were unable to deliver and provide Amazon with |
| 9 | documentation, as specified by Amazon, as to their unsuccessful |
| 10 | efforts to deliver such packages.  And when an Amazon Flex driver |
| 11 | accepted a delivery block offered by Amazon the time period during |
| 12 | which Amazon required such delivery block be completed left the |
| 13 | Amazon Flex driver with no meaningful ability to conduct any other |
| 14 | activities during such delivery block time period except performing |
| 15 | their delivery work for Amazon, if they attempted to perform such |
| 16 | other activities they would not meet Amazon's time deadline |
| 17 | delivery goal for such delivery block and find themselves barred by |
| 18 | Amazon from working as an Amazon Flex driver. |


1  delivery assignments it made available to the Amazon Flex drivers,
2  in respect to the number of deliveries in each such block, the
3  payment that would be received by the Amazon Flex driver for
4  completing the entire delivery block, and the time period in which
5  Amazon required that the delivery block be completed.  Amazon
6  Flex drivers also had to return to Amazon at its facilities, promptly
7  at the conclusion of their assigned delivery block time, all packages
8  they were unable to deliver and provide Amazon with
9  documentation, as specified by Amazon, as to their unsuccessful
10  efforts to deliver such packages.  And when an Amazon Flex driver
11  accepted a delivery block offered by Amazon the time period during
12  which Amazon required such delivery block be completed left the
13  Amazon Flex driver with no meaningful ability to conduct any other
14  activities during such delivery block time period except performing
15  their delivery work for Amazon, if they attempted to perform such
16  other activities they would not meet Amazon's time deadline
17  delivery goal for such delivery block and find themselves barred by
18  Amazon from working as an Amazon Flex driver.

20  c.  Amazon's entire business involves a continuous integrated line of
21  production or commerce completely controlled by Amazon.  That
22  line of production or commerce begins when customers initiate
23  orders on Amazon's online website for delivery through their
24  Amazon account; those orders are then scheduled for fulfilment by
25  Amazon which obtains the goods necessary to fulfill those orders
26  through its relationships with the vendors and manufacturers who
27  provide to Amazon the actual goods to be provided to Amazon's
28  customer initiating such order; the goods necessary to fulfill the

Amazon customer's order after coming into Amazon's possession are then routed for delivery to the customer from a facility also operated by Amazon; and the ultimate delivery of the goods ordered by Amazon's customer from that Amazon facility is performed by other persons, including Amazon Flex drivers, who are subject to highly detailed and *de facto* control and supervision by Amazon as to all minutiae of their work as Amazon Flex drivers.  At no point in the foregoing process, after its customer places its order with Amazon, does Amazon actually relinquish control over any aspect of that entire line of production or commerce.  Rather, Amazon's entire economic business model requires it maintain complete control over every aspect, and stage, of the same, including having its Amazon Flex delivery drivers verify (often through a picture) the actual time and place of the delivery of the customer's order, detailed information Amazon in turn makes available to its customers through their Amazon accounts.  Such activity by Amazon renders it, under the relevant circumstances, the employer of the Amazon Flex drivers who are its employees as part of its foregoing completely controlled continuous line of production and commerce as a matter of economic reality.

8.     Certain of the facts alleged in paragraph 7, aforesaid, also establish that the plaintiff and all other Nevada Flex drivers are among a class of workers engaged in foreign or interstate commerce within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 (the "FAA") and are not subject to the FAA's provisions requiring the enforcement of certain arbitration agreements, including those Amazon required the plaintiff and all other Amazon Flex workers sign.   That conclusion is particularly supported by the fact that plaintiff and the other Amazon Flex workers did not conduct any actual, independent, delivery business, but solely labored on behalf of Amazon in

the conducting of the deliveries they performed and those deliveries were essential to Amazon's entire business since Amazon's customers would otherwise not purchase products from Amazon if Amazon did not arrange such deliveries.

9. At all times Amazon would pay the Amazon Flex drivers a flat amount per delivery block, such amount varying with each delivery block in an amount that Amazon determined. Such payment was not modified, once set by Amazon, based on how much time it actually would take for the Amazon Flex driver to complete the delivery block in a fashion consistent with Amazon's requirements as Amazon provided no hourly rate of pay to the Amazon Flex drivers.

10. The Amazon Flex drivers assumed responsibility for paying all expenses they incurred in performing their work for Amazon, such as the costs associated with their personally owned vehicles Amazon required them to have and use to perform such work and the costs associated with their cell phones which Amazon required they use to perform such work. Amazon did not reimburse the Amazon Flex drivers for any such expenses and during the period of the Named Plaintiff's employment by Amazon such vehicle expenses, as per IRS standards for vehicle business usage, were properly calculated at at least 67 cents a mile in 2024.

**CLASS ACTION ALLEGATIONS**

11. This is a class action brought pursuant to Fed. R. Civ. P. §23 on behalf of the Named Plaintiffs and a class of all similarly situated persons who worked for Amazon as Amazon Flex drivers in the State of Nevada during the applicable statute of limitations period which is at least the two years preceding the filing of this case.

12. The class action may include one or more sub-classes if the Court finds that more manageable.

13. The class of similarly situated persons for Fed. R. Civ. P. 23 purposes consists of all Amazon Flex drivers during the applicable statute of limitations period, and continuing until date of judgment, such persons delivering packages for Amazon in the State of Nevada.

14. The common circumstance giving rise to the class action claims is that, as discussed *supra* and *infra,* the Named Plaintiffs and the class members were employees of Amazon for the purposes of Nevada law and Amazon did not fulfill its obligations to pay all such persons proper wages.

15. The Named Plaintiff is informed and believes, and based thereon alleges that there are at least 10,000 putative class action members. The actual number of class members is readily ascertainable by a review of the defendants' records through appropriate discovery.

16. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

17. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The Named Plaintiff's claims are typical of those of the class.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class treatment since the employers' practices were uniform and the burden is on Amazon, as an employer, to establish that its method for compensating the class members complies with the requirements of Nevada law.

19. The Named Plaintiff will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class and has retained to represent him competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of the class.

20. The Named Plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently

discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

21. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF FOR DAMAGES ON BEHALF OF THE NAMED PLAINTIFF AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO NEVADA'S CONSTITUTION AND NRS 608.250**

22. The relevant provisions of NRS 608.250 and Article 15, Section 16 of the Nevada Constitution state, in relevant part that since July 1, 2024, every employer in the State of Nevada "shall pay a wage to each employee of not less than $12.00 per hour worked" with such per hour required wage being in a lesser amount for time periods prior to July 1, 2024.

23. Amazon, as an employer of the Named Plaintiff and the class members, violated NRS 608.250 and Article 15, Section 16 of the Nevada Constitution, in respect to the hours worked by such persons because Amazon paid a wage of less than the minimum wage required by the same for many days and/or weeks of many class members' employment by Amazon as an Amazon Flex driver. Such failure arose because every Amazon Flex driver was required to pay significant expenses, as alleged in paragraph 10, for Amazon's benefit and as a requirement for their employment by Amazon as an Amazon Flex driver. Because Amazon did not reimburse the Amazon Flex drivers for those expenses, and forced them to personally assume their entire cost, the resulting hourly wage paid by Amazon to such Amazon Flex drivers after

9

deducting such expenses was often less than the required Nevada minimum hourly wage per day or week worked.  For example, the Named Plaintiff would typically, often, or always drive his personal vehicle in excess of 50 or 100 miles per day that he worked as an Amazon Flex driver performing activities and deliveries required by Amazon as part of his employment as an Amazon Flex driver.  If the only work expense for Amazon incurred by the Named Plaintiff calculated at 67 cents a mile per mile driven were considered, the Named Plaintiff, based upon the records of earnings and time worked currently available to him, alleges that he earned less than $12 an hour after such expenses were considered and is owed at least $10 in unpaid minimum wages for the seven day period from June 15, 2024 to June 21, 2024, and/or on the dates of June 3, 2024, June 6, 2024, June 20, 2024 and June 16, 2024.  Because Amazon possesses all of the relevant records but has not made them available to the Named Plaintiff, including records that would confirm the minimum amount of miles the Named Plaintiff was required to drive each day for Amazon as an Amazon Flex driver, the Named Plaintiff makes the foregoing allegations based upon his best current knowledge and available records and will supplement and amend such allegations, as necessary, upon receiving the full relevant records from Amazon.

24.     Plaintiff further alleges that, pursuant to NAC 608.115 and the Nevada Constitution, Amazon was required to pay the Nevada minimum hourly wage based upon the amount it paid each day to the plaintiff and the other Amazon Flex drivers, meaning that Amazon is not properly allowed to reduce its minimum wage payment liability to the Named Plaintiff or any class member for a particular day based upon it paying more than the Nevada hourly minimum wage to such person during a different day of a one-week reoccurring seven-day period.

25.     Amazon's failure to pay the wages required by NRS 608.250 and Article 15, Section 16 of the Nevada Constitution was willful and intentional and done with full knowledge of its illegality and with the malicious intent of harming the Named Plaintiff and the class members and benefitting Amazon in a like amount.  Such

1  malicious, intentional and willful conduct by Amazon is established by, amongst other
2  things, Amazon's longstanding policy, as demonstrated in other numerous prior
3  lawsuits against it, of avoiding its responsibilities to pay minimum wages and overtime
4  to its delivery drivers under state and federal laws so as to lower its operating costs and
5  increase its profits.  In furtherance of that scheme, Amazon has also adopted a policy
6  of requiring all of its delivery drivers to sign arbitration agreements that are intended
7  by Amazon to bar them from participating in or initiating any class action or seeking
8  class type equitable relief, with the specific intent by Amazon of shielding itself from
9  any full accountability for its illegal acts and its violations of Nevada's minimum wage
10 standards and the strong public policy of Nevada in regards to assuring the payment of
11 minimum wages to workers such as the Amazon Flex drivers.

12    26.    The Named Plaintiff on behalf of himself and the class members, seeks, on this First Claim for Relief, a judgment against Amazon for the unpaid minimum wages owed to him and the other class members pursuant to NRS 608.250 and Article 15, Section 16 of the Nevada Constitution, and an award of punitive damages, and all other appropriate damages, for Amazon's violations of NRS 608.250 and Article 15, Section 16 of the Nevada Constitution, and an award of attorneys' fees, interest and costs.

**AS AND FOR A SECOND CLAIM FOR EQUITABLE RELIEF INCLUDING A PUBLIC INJUNCTION OR OTHER INJUNCTIVE RELIEF AND DECLARATORY RELIEF PURSUANT TO NEVADA'S CONSTITUTION**

   27.    The Named Plaintiff repeats all of the allegations previously made and brings this Second Claim for Relief pursuant to Article 15, Section 16 of the Nevada Constitution for equitable relief, including a public injunction or other injunctive relief and for declaratory relief.

   28.    Article 15, Section 16, Subpart 7, of the Nevada Constitution states: "An employee claiming violation of this section is entitled to bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to

remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief."  The Named Plaintiff, pursuant to such provision of the Nevada Constitution, is entitled to seek, and does seek, a public injunction and all other appropriate equitable, injunctive, and declaratory relief, against Amazon to enforce such requirements of the Nevada Constitution and remedy Amazon's violations of the same.

29.   To the extent the Court finds the claims made in the First Claim for Relief may properly proceed as a class action for the recovery of damages, as alleged therein, the Named Plaintiff seeks in this Second Claim for Relief appropriate equitable and injunctive relief as is available on a class wide basis and for the benefit of such class members as provided for by Fed. R. Civ. P. 23(b)(2).

30.   In the event the Court finds the claims made in the First Claim for Relief may not properly proceed as a class action for the recovery of damages, because they are barred from proceeding in a judicial forum on such a class action basis as a result of any arbitration agreement that Amazon may enforce, the Named Plaintiff seeks in this Second Claim for Relief a public injunction as authorized by the aforesaid provision of the Nevada Constitution granting relief suitable to enforce the Nevada Constitution, and NRS 608.260, to end Amazon's violations of the Nevada Constitution and Nevada's minimum wage laws, and otherwise remedy such violations of the same Amazon has committed consistent with the public injunctive powers granted by the Nevada Constitution.

31.   Because the arbitration agreements Amazon may seek to enforce in respect to its relationship with the Named Plaintiff do not, and cannot, limit the right of the Named Plaintiff to seek a public injunction, to the extent the State of Nevada through its Constitution has granted the Named Plaintiff a right to enforce Article 15, Section 16 of the Nevada Constitution by requiring Amazon's compliance with the same and preventing Amazon's future violations of the same, Amazon may not, through enforcement of any such arbitration agreement, deny the Named Plaintiff the right to

have the Courts of the State of Nevada, or the United States District Court to which this case was removed, hear and determine, on the merits, his request for such a suitable public injunction and such Court must grant such relief if it finds it to be appropriate.

32. Because the Nevada Constitution empowers the Named Plaintiff to enforce the provisions of Article 15, Section 16, of the Nevada Constitution, and NRS 608.260 also grants the Named Plaintiff a similar right, the public injunction sought by the Named Plaintiff is properly granted, and must be granted, irrespective of whether it is necessary to remedy any injury to the Named Plaintiff personally or his property, as long as it is demonstrated that Amazon has violated Article 15, Section 16, of the Nevada Constitution and will not cease or remedy such violations unless such an injunction is issued.

33. As the Named Plaintiff will document in these proceedings when he presents his request to the Court for the issuance of such a public injunction, information available from public sources and if necessary as will be obtained through discovery in this case from Amazon, overwhelming demonstrate that the public injunction sought by the Named Plaintiff in this Second Claim for Relief must be granted. Amazon has been repeatedly sued for unpaid minimum wages by its Amazon Flex drivers in other jurisdictions where it has been alleged that such workers are really its employees for minimum wage purposes. Amazon is also aware that appellate courts in 2023, in both Wisconsin and Virginia, upheld determinations over Amazon's objections that its Amazon Flex drivers were Amazon's employees for unemployment insurance purposes, such determinations providing notice to Amazon that its claim such persons were not its employees for minimum wage purposes was without merit as a matter of law. Despite being aware of the foregoing, Amazon continues to operate its Amazon Flex driver program without ensuring those workers are paid legally required minimum hourly wages and does so with the specific purpose and intent of avoiding the additional costs it would incur to pay its Amazon Flex drivers the minimum hourly wages required by the Nevada Constitution. Amazon is well aware

its Amazon Flex drivers are entitled to minimum wages under controlling law in Nevada (the "economic realities" test) and elsewhere but continues to deny the Amazon Flex drivers those minimum wages.  Amazon intentionally evades compliance with the Nevada Constitution's minimum wage requirements by requiring all Amazon Flex drivers enter into arbitration agreements prohibiting them from commencing any class action or multi-plaintiff proceeding against Amazon, whether in a judicial forum or in arbitration.  Amazon requires those agreements because it is well aware that such agreements, if enforced as Amazon insists, will result in it only having to pay 1%, or less, of any unpaid minimum wages it owes to its Nevada Amazon Flex drivers, since very few will seek to collect those unpaid minimum wages through individual arbitration proceedings.  As a result, because of the very significant additional profits and economic advantage Amazon continues to enjoy from its violations of the Nevada Constitution, unless a suitable public injunction is issued requiring Amazon to cease such violations and otherwise remedying its past violations of the same Amazon will continue to commit such violations of the Nevada Constitution.

   34. In the event the Named Plaintiff is unable to proceed on a class action basis with his First Claim for relief based upon enforcement of Amazon's arbitration agreements, the Named Plaintiff seeks on this Second Claim for Relief a public injunction, as authorized by the Nevada Constitution, for injunctive, declaratory and equitable relief that would not involve any determination of or award of damages subject to recovery only through the process of Amazon's arbitration agreements with the Amazon Flex drivers, such public injunction including:

    (a) A prohibition on Amazon continuing to fail to ensure its Amazon Flex drivers are paid at least the Nevada hourly minimum wage for all hours they work for Amazon after taking into account all expenses Amazon requires such persons pay to perform such work, such accounting in respect

        to automobile expenses to be based upon a standard per-mile allowance for vehicle business costs as set by the United States Internal Revenue service;

  (b)  A declaration and finding that Amazon's Flex drivers are and have been, for purposes of Article 15, Section 16, of the Nevada Constitution, and NRS 608.250, employees of Amazon entitled to the Nevada hourly minimum wage;

  (c)  The appointment of a Special Master who will be charged with advising all Amazon Flex drivers of the Court's determination that Amazon Flex drivers are, for Nevada minimum wage purposes, employees of Amazon, and that such persons may seek to collect any unpaid minimum wages that they are owed by Amazon through whatever arbitration processes are available to them. Amazon will be required to provide the Special Master with all available information in Amazon's possession necessary for distributing that notice in an appropriate form and manner and Amazon will be required to pay such Special Master's costs and fees for such efforts;

  (d)  Such public injunction to include such other provisions as may be necessary to monitor and ensure Amazon's compliance with such injunction or that the Court otherwise determines are just and appropriate

35. In addition to the issuance of the injunctive and declaratory relief proposed in paragraph 34 plaintiff also seeks an award of attorneys' fees and costs as provided for by Article 15, Section 16, of the Nevada Constitution and NRS 608.260.

**AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFF AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO NRS 608.040 AND 608.050**

35. The Named Plaintiff repeats all of the allegations previously made and brings this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040 and § 608.050.

36. The Named Plaintiff and many, but not all, of the class members have been separated from their employment with Amazon prior to the filing of the instant action, and at the time of such separation were owed unpaid wages by Amazon, the unpaid minimum wages alleged herein.

37. Amazon has failed and refused to pay the Named Plaintiff and such class members their earned but unpaid wages, such conduct constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving the plaintiffs a claim and/or lien against Amazon for a continuation after the termination of their employment with Amazon of their normal daily wages, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to Nevada Revised Statutes § 608.040 and Nevada Revised Statutes § 608.050.

38. As a result of the foregoing, the Named Plaintiff on behalf of himself and the involved proposed plaintiff class members, seeks, on this Third Claim for Relief, a judgment against Amazon for the wages owed to him and as prescribed by Nevada Revised Statutes § 608.040, for a sum equal to up to thirty days wages, and as prescribed by Nevada Revised Statutes § 608.050, for a sum equal to up to 30 days wages, along with interest, costs and attorneys' fees.

WHEREFORE, plaintiffs demand the relief on each cause of action as alleged aforesaid, together with costs, interest, attorney's fees, suitable equitable and injunctive relief, and such other relief as the Court deems just.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 6th day of October, 2025

                              Leon Greenberg Professional Corporation

                              By: /s/ *Ruthann Devereaux-Gonzalez*
                              Ruthann Devereaux-Gonzalez, Esq.
                              Nevada Bar No.: 15904
                              Leon Greenberg, Esq.
                              Nevada Bar No.: 8094
                              1811 South Rainbow Blvd- Suite 210
                              Las Vegas, Nevada 89146
                              (702) 383-6085

                              Attorney for Plaintiffs